IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELINE G. MALDONADO,

    Plaintiff,

v.                                                                                                                                       No. 20-CV-01119-KRS

KILOLO KIJAKAZI, *Acting Commissioner*
*of the Social Security Administration*,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER is before the Court on Plaintiff Angeline G. Maldonado's ("Plaintiff") Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 30) ("Motion"), dated July 26, 2023. In her response brief, the Commissioner did not object to Plaintiff's Motion. (*See* Doc. 31 at 2). Being fully advised in the premises, the Court finds that Plaintiff's Motion (Doc. 30) will be granted.

    **A.  Background**

In April 2018, Plaintiff filed an application for disability insurance benefits. (Administrative Record[1] (AR) at 76, 230–36). After the Social Security Administration ("SSA") denied her claim initially (*id*. at 76–84), Plaintiff submitted a request for reconsideration on November 17, 2018 (*id.* at 99), and her claim was subsequently denied (*id.* at 100–06). Thereafter, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on the merits of her application (*id*. at 40, 109–13, 127–33, ). The ALJ issued an unfavorable decision on

---

[1] Doc. 15 comprises the sealed Administrative Record. The Court cites the Administrative Record's internal pagination, rather than CM/ECF document number and page.

April 13, 2020 (*id*. at 7–27), and Plaintiff requested review by the Appeals Council (*id*. at 28–32). The Appeals Council denied Plaintiff's request on September 2, 2020. (*Id*. at 1–4).

Plaintiff's counsel, Laura J. Johnson ("Johnson"), indicates that her firm, Armstrong Johnson Law, LLC (fka Michael Armstrong Law Office), began representing Plaintiff since 2019. (*See* Doc. 30 at 4). Johnson filed the instant federal appeal on Plaintiff's behalf on October 30, 2020. (*See* Doc. 1). Plaintiff filed her motion to reverse and remand on July 6, 2021, to which the Commissioner filed a response in opposition and Plaintiff filed a reply. (*See* Docs. 18, 22, 23). On February 11, 2022, the Court granted Plaintiff's motion and remanded the case back to the SSA for further administrative proceedings. (Doc. 26). Thereafter, this Court awarded Plaintiff fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,000.00. (Doc. 29).

Following remand, an ALJ issued a fully favorable disability determination and awarded Plaintiff full disability benefits from April 2017 forward, with past-due benefits in an amount totaling $125,069.90 and continued monthly benefits in the amount of $1,784.00. (Doc. 30 at 13, 14). The SSA withheld 25 percent of the past-due benefits, or $31,267.48, leaving that portion available to cover fees that might be due to Plaintiff's representative. (Doc. 30-1 at 15).

In the Motion, Johnson requests that she be awarded attorney's fees in the amount of $24,067.48—19 percent of the amount withheld by the SSA—for 37.8 hours of work she expended in representing Plaintiff before this Court. (*See* Docs. 30 at 4, 30-1 at 18–19). In support of her request, Johnson has submitted the fee agreement Plaintiff signed on September 14, 2020. (*See* Doc. 30-1 at 20).

  **B. Analysis**

A court may award fees under Section 406(b) when, as here, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled

to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). "The tenor of § 406(b) is permissive rather than mandatory." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). "It says that the court may make such an award, not that such an award shall be made." *Id.* Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id*.

Section 406(b) does impose some guidelines, however, permitting only "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, Section 406(b) fees are paid *out of* past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934.

As Plaintiff acknowledges in her Motion, the United States Supreme Court, in *Gisbrecht v. Barnhart*, rejected the lodestar method for calculating Section 406(b) attorney fees for Social Security disability cases. (Doc. 35 at 4 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The lodestar method involves multiplying the number of hours reasonably devoted to a case by the reasonable hourly fee. *Gisbrecht*, 535 U.S. at 798–99. The Court explained that Congress designed Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id*. at 793. Courts, however, are still charged with reviewing fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. In short, Section 406(b) imposes a 25-percent-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness of Section 406(b) fees is determined largely by "the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). Factors

3

relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionally large in comparison to the amount of time spent on the case. *See id*. Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing a claimant in federal court, a court may also require an attorney to submit a statement of her normal hourly billing rate for non-contingency fee cases. *Id*.

In the context of a Section 406(b) fee request, the court's first inquiry is whether the fee agreement between the claimant and her attorney meets Section 406(b) guidelines. Although Section 406(b) does not prohibit contingency fee agreements, it does render them unenforceable to the extent that they provide fees in excess of 25 percent of the past-due benefits. *Id*. at 807. Here, the subject contingency agreement between Plaintiff and her attorney provided that if Plaintiff was "awarded benefits by the Social Security Administration following a remand ordered by federal court in [her] case in which [her] attorney represented [her], [she] agree[d] to pay [her] attorney twenty-five percent (25%) of [her] and [her] family's past-due benefits." (Doc. 30-1 at 20). Thus, on its face, Plaintiff's fee agreement meets Section 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, Section 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable. *Gisbrecht*, 535 U.S. at 807. Applying the factors outlined in *Gisbrecht*, the Court finds that Johnson achieved a fully favorable result for Plaintiff in this case, resulting in a significant past-due payment as well as a continuing monthly award. (*See* Doc. 30-1 at 1–17).

Moreover, the Court cannot say that Johnson was responsible for any delay in the resolution of this case. The instant Motion was filed just over a month after Plaintiff received notice of entitlement to past-due benefits. (*Compare* Doc. 30 *with* Doc. 30-1 at 12–17).

An attorney's experience is another relevant factor when considering a Section 406(b) fee request. *See Gordon v. Astrue*, 361 F. App'x 933, 935–36 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established by the Seventh Circuit in *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). Johnson has been practicing law since 2017, and dedicates a significant portion of her practice to representing social security claimants in federal court. (Doc. 30-1 at 21–23). The Court additionally finds that Johnson's representation of Plaintiff in this case was more than adequate. Her Motion to Reverse and Remand was thorough and persuasive. (*See* Doc. 18).

Lastly, the Court considers whether the requested fee is disproportionally large in comparison to the amount of time spent on the case. Johnson's time sheets indicate that she expended 37.8 hours representing Plaintiff in federal court in this matter. (Doc. 30-1 at 18–19). As such, her request of $24,067.48 in fees translates to an hourly rate of $636.70, which is in line with other Section 406(b) fees recently authorized in this District and by the undersigned. *See, e.g.*, *Lovato v. Kijakazi*, No. 1:20-cv-00187 KRS, 2023 WL 1765380, at *3 (D.N.M. Feb. 3, 2023) ($524.98 per hour); *Nealy v. Kijakazi*, No. 1:20-cv-00698-KRS, 2023 WL 171782, at *3–4 (D.N.M. Jan. 12, 2023) ($800.00 per hour); *Parraz v. Kijakazi*, No. 2:19-cv-0904 LF, 2022 WL 1471495, at *4 (D.N.M. May 10, 2022) ($524.96 per hour); *Saavedra v. Saul*, No. 1:19-cv-0644 KRS, 2021 WL 1720904, at *2 (D.N.M. Apr. 30, 2021) ($566.66 per hour); *Casas v. Kijakazi*, No. 1:19-cv-1154 KRS, 2022 WL 832500, at *2 (D.N.M. Mar. 21, 2022) ($567.60 per hour); *Torrence v. Saul*, No. 18-cv-0934 SCY, 2020 WL 6196173, at *2 (D.N.M. Oct. 22, 2020) ($597.61 per

hour). Considering all of the *Gisbrecht* factors and noting the Supreme Court's position that the effective hourly rate is *not* the deciding factor, the Court is satisfied that the requested fee is not so "large in comparison to the amount of time [Mr. Decker] spent on the case [such that] a downward adjustment is . . . in order." *See Gisbrecht*, 535 U.S at 808. Accordingly, the Court authorizes the Section 406(b) fees as requested in Plaintiff's motion.

Because Johnson will have secured both EAJA and Section 406(b) fees, she must refund to Plaintiff the amount of the smaller fee, which in this case is the EAJA fee of $8,000.00.

**C. Conclusion**

IT IS ORDERED that Plaintiff's Motion (Doc. 30) is GRANTED. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $24,067.48, payable to Laura J. Johnson.

IT IS FURTHER ORDERED that Plaintiff's counsel shall directly refund to Plaintiff the $8,000.00 in EAJA fees.

IT IS SO ORDERED.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**